Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GUILLERMO G. ÁLVAREZ MARTÍNEZ<br><br>Recurrido<br><br>v.<br><br>ANA ELENA CUEBAS VARGAS<br><br>Peticionario | KLCE202400402 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Ley 121, 12 de julio de 1986, según enmendada por la Ley Núm. 121 de 1 de agosto de 2019 conocida como la "Carta de Derechos y la Política Pública del Gobierno a favor de los Adultos Mayores".<br><br>Caso Núm.: BYL1212023-05015 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de febrero de 2025.

Comparece ante nos, la *Sra. Ana Elena Cuebas Vargas* (en adelante; "Cuebas Vargas o Peticionaria") mediante el presente recurso de *certiorari*. Solicita que revisemos la *Orden de Protección para el Adulto Mayor* emitida y notificada el 8 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Municipal de Bayamón (en adelante: "TPI"). Entre otras cosas, el TPI ordenó a la Peticionaria a abstenerse de molestar, hostigar, intimidar, amenazar, acercarse o comunicarse a través de cualquier medio con el *Sr. Guillermo G. Álvarez Martínez* (en adelante: "Álvarez Martínez o Recurrido"). La vigencia de la aludida orden era hasta el 8 de septiembre de 2024.

No obstante, resolvemos **desestimar** el presente recurso de *certiorari* **por académico**. *Veamos.*

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes del caso.

De los *autos* ante nuestra consideración surge que, el señor Álvarez Martínez presentó en contra de la Peticionaria una *Petición de Orden de Protección*,[1] al amparo de la Ley Núm. 121-2019, según enmendada, conocida como la *"Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores".*[2]

Luego de varios trámites procesales, la *Vista* sobre la orden de protección se llevó a cabo el **8 de marzo de 2024**.[3] Al culminar la audiencia, el TPI expidió una *"Orden de Protección Para el Adulto Mayor"* en contra de la señora Cuebas Vargas con vigencia hasta el **8 de septiembre de 2024**. En la cual, determinó que el Recurrido fue víctima de maltrato por parte de la Peticionaria, consistente en:

> *[H]aberle causado daño a su salud, bienestar, integridad o a sus bienes.*
> *Haberle expuesto al riesgo de sufrir daño a su salud, bienestar, integridad o a sus bienes. Ejercer control emocional o psicológico.*
> *Temor a sufrir daño físico o psicológico mediante intimidación, presión, coacción o amenazas o de cualquier otra forma se ha interferido con el ejercicio de los derechos que se le reconocen a la parte peticionaria en esta Ley.*
> *Privar de tener descanso adecuado y disfrutar de un ambiente de tranquilidad y solaz.*[4]

Luego de haber tenido la oportunidad de escuchar a las partes y evaluar la prueba presentada, el foro de instancia realizó las siguientes determinaciones de hechos:

> *[P]ETICIONADA ES VECINA DE LA MISMA CALLE. INTERVIENE CON SU BUZÓN. SE PRESENTÓ VIDEO EN EL QUE PETICIONADA ABRE SU BUZÓN EN DOS OCASIONES. MIRA HACIA SU CASA CONSTANTEMENTE. LO GRABA CON EL CELULAR EN MÁS DE UNA OCASIÓN. ORDEN ANTERIOR A FAVOR DE PETICIONARIO. TEME POR SU SEGURIDAD. NO LE PERMITE TRANQUILIDAD NI DESCANSO ADECUADO. LA ORDEN DE PROTECCION NO SIGNIFICA QUE LA PETICIONADA NO PUEDA IR A LA RESIDENCIA DE SU ESPOSO.*[5]

Por lo cual, el TPI ordenó a la señora Cuebas Vargas de abstenerse de: **(1)** molestar, hostigar, perseguir, intimidar,

---

[1] Según la Peticionaria, la *Orden de Protección* fue solicitada el **11 de diciembre de 2023**.
[2] Anejo B del *Certiorari Civil*.
[3] Anejo A del *Certiorari Civil*.
[4] *Íd.*
[5] *Íd.*

amenazar o interferir con el ejercicio de los derechos que le reconoce bajo la Ley Núm. 121-2019 al Recurrido; **(2)** acercarse o penetrar en cualquier lugar donde se encuentre el Recurrido o estar en sus alrededores. También le prohibió a la Peticionaria comunicarse con el Recurrido por cualquier medio de comunicación, por sí misma o a través terceras personas.

Inconforme, el **8 de abril de 2024** la señora Cuebas Vargas recurrió ante este Tribunal de Apelaciones. Mediante el recurso de *certiorari* epígrafe, señaló la comisión de los siguientes errores:

> ***Erró crasamente el tribunal al tomar conocimiento judicial únicamente de una orden que favorecía a los peticionarios sin aviso expreso y sin darle audiencia expresa a las partes otorgando la Orden al instante.*** *[sic]*.
>
> ***Erró crasamente el tribunal al tomar conocimiento judicial de unos videos como hechos adjudicativos aún cuando estaban sujetos a controversia razonable.*** *[sic]*.

Varios trámites procesales después, el **6 de noviembre de 2024** le concedimos al Recurrido un plazo de 30 días para presentar su posición. Transcurrido el plazo concedido al Recurrido, el **20 de diciembre de 2024** dimos por sometido el asunto para la atención del Panel sin el beneficio de su comparecencia.

**-II-**

Los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*.[6]

La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*.[7] Al respecto, nuestro ordenamiento expresa:

> *[s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece*

---

[6] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).; *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005).
[7] *IG Builders et al. v. BBVAPR, supra,* pág. 334.

*de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado **académico**.*[8]

Entonces, un caso se torna académico cuando por el transcurso del tiempo —debido a cambios facticos o judiciales durante el trámite del litigio— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos.[9] En fin, la *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en discusión es de aplicación durante todas las fases de un pleito, lo que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento.[10]

Por lo tanto, es norma reiterada en nuestro ordenamiento que; *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[11] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[12] Por lo cual, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> *(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*
> > *1) que el Tribunal de Apelaciones carece de jurisdicción;*
> > *2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;*
> > *3) que no se ha presentado o proseguido con diligencia o de buena fe;*
> > *4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;*

---

[8] *PNP v. Carrasquillo, supra,* pág. 74.
[9] *Angueira v. JLBP,* 150 DPR 10, 19 (2000).
[10] *Báez Díaz v. ELA,* 179 DPR 605, 617 (2010).
[11] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012).; *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[12] *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014).

> *5) **que el recurso se ha convertido en académico.***
>
> *(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.*[13]

De conformidad con lo antes señalado, los tribunales tenemos el deber de desestimar todo pleito que haya advenido académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo.[14]

**-III-**

En el presente caso, la señora Cuebas Vargas nos solicita que revisemos la *Orden de Protección para el Adulto Mayor* a favor del señor Álvarez Martínez emitida y notificada el **8 de marzo de 2024**. Dicha orden era efectiva hasta el **8 de septiembre de 2024**. Por lo tanto, al perder su vigencia, nos encontramos ante un asunto no justiciable, por ser académico. En consecuencia, este Foro apelativo perdió jurisdicción sobre el caso de epígrafe.

Cabe señalar que, la Peticionaria nos solicitó el 30 de octubre de 2024 que, ordenáramos el retiro de la *Orden* del *Registro de Órdenes de Protección*, sin embargo, no ostentamos jurisdicción para ello.

En fin, el presente *auto* de *certiorari* se tornó académico, por lo cual, procede la desestimación del presente recurso.

**-IV-**

Por lo fundamentos antes expuestos, se **desestima** el recurso de *certiorari* epígrafe.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Regla 83 inciso (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(C).

[14] *Moreno v. UPR II*, 178 DPR 969, 974 (2010).